AARON D. FORD
  Attorney General
Sabrena K. Clinton (Bar No. 6499)
  Senior Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119
(702) 486-3420 (phone)
(702) 486-3773 (fax)
sclinton@ag.nv.gov

*Attorneys for The Honorable Mary Perry, in Her Personal and Elected Capacity, and The Eighth Judicial District Court, County of Clark*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH MOSS,<br><br>    Plaintiff,<br><br> vs.<br><br>THE HONORABLE MARY PERRY, In Her Personal and Elected Capacity; THE EIGHTH JUDICIAL DISTRICT COURT, COUNTY OF CLARK; and DOES and ROES I-X,<br><br>    Defendant(s). | Case No. 2:25-cv-00163-APG-EJY<br><br>**STIPULATION AND ORDER TO STAY DISCOVERY**<br><br>**[FIRST REQUEST]** |

Plaintiff Joseph Moss, through counsel Timothy R. Treffinger, Esq. and Defendants Honorable Judge Mary Perry and the Eighth Judicial District Court (collectively "State Defendants"), through counsel Sabrena K. Clinton, Senior Deputy Attorney General, Office of the Attorney General, submit this proposed joint stipulation and order to stay discovery for the following reasons.

1.   On January 27, 2025, Plaintiff Joseph Moss ("Moss") filed a complaint (ECF No. 1) alleging constitutional violations stemming from the adjudication of a child custody dispute before Judge Mary Perry, Eighth Judicial District Court, Family Division. He alleged the following six claims:

- First Claim for Relief—deprivation of the right to due process under the Fourteenth Amendment in violation of 42 USC 1983;

- Second Claim for Relief—denial of right to equal protection under the Fifth and Fourteenth Amendments;
- Third Claim for Relief—denial of due process and equal protection rights in violation of the Nevada Constitution;
- Fourth Claim for Relief—conspiracy to deny civil rights;
- Fifth Claim for Relief—conspiracy to deprive a person of rights or privileges under 42 USC 1983(3); and
- Sixth Claim for Relief—civil conspiracy under NRS section 876.

2. On February 21, 2025, State Defendants filed a motion to dismiss (ECF No. 5) for failure to effectuate proper service (NRCP 12(b)(5)), and failure to state claims upon which relief could be granted (NRCP 12(b)(6)) based on Eleventh Amendment immunity, judicial immunity, *Younger* abstention, and other grounds.

3. Moss opposed the motion (ECF No. 7) and on March 14, 2025, Stated Defendants filed their reply in support of the motion to dismiss (ECF No. 8).

4. A decision on State Defendants' motion to dismiss is currently pending before the Court which may be dispositive of the case.

5. Based on the foregoing considerations, the Parties submit that good cause exists to stipulate to stay discovery pending a decision on State Defendants' motion to dismiss which may be dispositive of the entire case and can be decided without discovery.

6. The Parties agree that it is in their best interests to obtain a ruling on State Defendants' motion to dismiss prior to setting discovery deadlines and incurring the time and expense of written discovery and depositions

7. [A] district court has wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). When deciding whether to stay discovery, a court is guided by Federal Rule of Civil Procedure 1, which ensures a "just, speedy, and inexpensive determination of every action." *Schrader v. Wynn Las Vegas, LLC*, 2021 WL 4810324, *3 (D. Nev. Oct. 14, 2021) (quoting FRCP 1*); See also Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). And Rule 12(b)(6) "is designed 'to enable defendants to challenge

the legal sufficiency of complaints without subjecting themselves to discovery,' the cost of which can be 'prohibitive.'" *City of Oakland v. BP PLC*, 969 F.3d 895, 910 (9th Cir. 2020) (quoting *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)).

8. The Parties agree that discovery is not required for the Court to decide State Defendants' motion to dismiss. As the Court's ruling could be dispositive of the entire case, it would be an inefficient use of resources to engage in discovery prior to that time. *See Sibley v. U.S. Sup. Ct.*, 786 F. Supp. 2d 338, 346 (D.D.C. 2011) ("[I]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending."). As such, it is within the Court's power to grant a stay of discovery at this time.

9. The Parties, after consultation with one another, have determined it would be in the best interest of all Parties to request that the Court grant a stay of discovery until the Court renders a decision on State Defendants' pending motion to dismiss.

10. Further, the Parties believe that a stay of discovery puts them in the best position to avoid the unnecessary expenditure of time and money. *See* FRCP 1 and LR 1-1. The interests of litigation efficiency and judicial economy are also promoted by a stay of discovery in this case.

11. Should the Court deny State Defendants' motion to dismiss, the Parties will file a stipulated discovery plan and scheduling order within thirty (30) days after the entry of the Court's order.

**WHEREFORE,** the Parties respectfully request that the Court enter an order staying discovery until the aforementioned motion is decided.

/ / /

/ / /

/ / /

**WHEREFORE**, in the event the Court denies State Defendants' motion to dismiss, a stipulated discovery plan and scheduling order will be due thirty (30) days from the date of entry of the Court's order.

**IT IS SO STIPULATED.**

Dated this 7th day of April, 2025.

**AMERICAN FREDOM GROUP**

By:      /s/ Timothy R. Treffinger
Timothy R. Treffinger (Bar No. 12877)
800 North Rainbow Boulevard, Suite 208
Las Vegas, NV 89107

*Attorney for Plaintiff*

Dated this 7th day of April, 2025.

**AARON D. FORD**

By:      /s/ Sabrena K. Clinton
Sabrena K. Clinton (Bar No. 6499)
Senior Deputy Attorney General
State of Nevada
Office of the Attorney General
1 State of Nevada Way, Suite 100
Las Vegas, NV 89119

*Attorneys for The Honorable Mary Perry, in Her Personal and Elected Capacity, and the Eighth Judicial District Court, County of Clark*

## ORDER

**IT IS SO ORDERED.**

Dated this  7th  day of April, 2025.

_____
U.S. MAGISTRATE JUDGE