UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH MOSS, | Case No.: 2:25-cv-00163-APG-EJY |
| Plaintiff | **Order Granting Motion to Dismiss** |
| v. | [ECF No. 5] |
| THE HONORABLE MARY PERRY, in her personal and elected capacity, and the EIGHTH JUDICIAL DISTRICT COURT, COUNTY OF CLARK, | |
| Defendants | |

Joseph Moss sues Judge Mary Perry in her individual and official capacities and the Eighth Judicial District Court (EJDC), Clark County, for various federal and state constitutional claims relating to a child custody dispute. Judge Perry presided over Moss's custody dispute in the EJDC. Moss alleges that Judge Perry's actions during those proceedings violated his procedural due process, substantive due process, and equal protection rights under both the federal and Nevada constitutions.

The defendants move to dismiss for insufficient service of process and for failure to state a claim. ECF No. 5. For the reasons below, I dismiss Moss's complaint for failure to state a claim. If Moss chooses to file an amended complaint as described below, I also order him to properly serve the original complaint, summons, and amended complaint.

I.  **LEGAL STANDARDS**

Federal Rule of Civil Procedure 12(b)(6) allows for dismissal of a complaint that fails to state a claim. In evaluating a Rule 12(b)(6) motion, I take all well-pleaded allegations of material fact as true and construe the allegations in a light most favorable to the non-moving party. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1096 (9th Cir. 2017). A plaintiff must also make

sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). When the claims have not crossed the line from the conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. Conclusory allegations of law are insufficient to defeat a motion to dismiss. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004).

Rule 12(b)(5) allows a party to move to dismiss a complaint for insufficient service of process. "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

## II.     ANALYSIS

Moss's complaint alleges claims for (1) violation of his Fifth and Fourteenth Amendment due process rights under 42 U.S.C. § 1983, (2) violation of his equal protection rights "under the Fifth and Fourteenth Amendments," (3) violation of equal protection and due process under the Nevada Constitution, (4) conspiracy to deny him equal protection and due process under the federal and Nevada constitutions, (5) conspiracy to interfere with his equal protection rights under 42 U.S.C. § 1985(3), and (6) "civil conspiracy under NRS section 876." ECF No. 1 at 5-10.

The defendants move to dismiss all claims against the EJDC and Judge Perry in her official capacity as barred by the Eleventh Amendment of the federal constitution. They also move to dismiss all claims against Judge Perry in her individual capacity as barred by judicial immunity. Additionally, they move to dismiss all claims because Moss does not plead facts plausibly entitling him to relief and Moss has not properly served the defendants. In the alternative, they seek a stay under *Younger v. Harris*, 401 U.S. 37 (1971).

/ / / /

### A. The Eleventh Amendment bars all claims against the EJDC and Judge Perry in her official capacity.

The defendants argue that the Eleventh Amendment bars Moss's claims against the EJDC and Judge Perry in her official capacity. Moss responds that the EJDC is not an arm of the state, so neither the EJDC nor Judge Perry are entitled to Eleventh Amendment immunity.

The Eleventh Amendment prohibits federal courts from hearing a suit brought by a private citizen against a state government without the state's consent. *Sofamor Danek Grp., Inc. v. Brown*, 124 F.3d 1179, 1183 (9th Cir. 1997). The Eleventh Amendment is thus a "jurisdictional bar" that "applies regardless of the nature of the relief sought." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). "This prohibition applies when the state or the arm of a state is a defendant." *Munoz v. Superior Ct. of Los Angeles Cnty.*, 91 F.4th 977, 980 (9th Cir. 2024) (simplified). State courts are generally arms of the state that enjoy Eleventh Amendment immunity. *See id.* (holding that the Superior Court of the State of California is an arm of the state); *O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982) ("The Supreme Court of Nevada and the Third Judicial District Court of Nevada, as agencies of the state, were also properly dismissed from suit on eleventh amendment grounds."). State officials sued in their official capacities are also entitled to Eleventh Amendment immunity. *Flint v. Dennison*, 488 F.3d 816, 825 (9th Cir. 2007).

Moss sues both the EJDC and Judge Perry. As Moss recognizes in his complaint, the EJDC is a "Nevada State" court that sits in Clark County, Nevada. ECF No. 1 at 2. Though counties and municipalities generally are not "arms of the state," the EJDC is a state entity, not part of a county government. *See O'Connor*, 686 F.2d at 750. Nevada Revised Statutes (NRS) § 1.010 provides that district courts like the EJDC are "courts of justice for this State." *See also*

3

NRS § 3.010 (stating that "[t]he State is hereby divided into 11 judicial districts," one of which is the "Eighth Judicial District" for the "County of Clark"). The State pays EJDC judges' salaries. NRS § 3.030. And the Nevada Governor fills any vacancies. NRS § 3.080. Judge Perry is a state court judge of the EJDC. She is thus a state official. Therefore, both the EJDC and Judge Perry are entitled to Eleventh Amendment immunity unless an exception applies.

Moss does not raise *Ex parte Young* as a relevant exception, but I address it for the purposes of evaluating whether to grant leave to amend.[1] Under the *Ex parte Young* exception to Eleventh Amendment immunity, "a party may seek prospective relief against an individual state officer in her official capacity." *Doe v. Regents of the Univ. of Cal.*, 891 F.3d 1147, 1153 (9th Cir. 2018). This exception authorizes "prospective relief" against state officials, which includes both injunctive relief and certain forms of declaratory relief. *Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 847-48 (9th Cir.), *opinion amended on other grounds on denial of reh'g*, 312 F.3d 416 (9th Cir. 2002). But the *Ex parte Young* exception "does not normally permit federal courts to issue injunctions against state-court judges." *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021). So "state court judges cannot be sued in federal court in their judicial capacity under the Eleventh Amendment." *Munoz*, 91 F.4th at 981; *see also id.* at 980 (holding that Eleventh Amendment barred injunctive relief against a California state trial judge). Additionally, the *Ex parte Young* exception "does not apply when a suit seeks relief under state law, even if the plaintiff names an individual state official rather than a state instrumentality as the defendant." *Doe*, 891 F.3d at 1153 (citing *Pennhurst*, 465 U.S. at 117).

---

[1] I do so because Moss's complaint states claims against Judge Perry "in her personal and elected capacity," ECF No. 1 at 1, which suggests that Moss is asserting both official capacity and individual capacity claims against Judge Perry. *See generally Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (distinguishing "official-capacity" and "personal-capacity" actions).

Judge Perry is a state court judge, so the *Ex parte Young* exception to Eleventh Amendment immunity does not apply to her. Additionally, *Ex parte Young* does not permit Moss to assert state-law claims for either prospective or monetary relief against Judge Perry. Therefore, *Ex parte Young* is not applicable here, and amendment would be futile because the Eleventh Amendment bars Moss's claims against the EJDC and Judge Perry in her official capacity. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (holding that denying leave to amend is appropriate where it is "absolutely clear that the deficiencies of the complaint [cannot] be cured by amendment"). I thus dismiss with prejudice all claims against the EJDC because the Eleventh Amendment bars them. I also dismiss with prejudice all claims against Judge Perry in her official capacity because the Eleventh Amendment bars them and the *Ex parte Young* exception does not apply to her.

### B. *Judicial immunity bars all claims against Judge Perry in her individual capacity.*

The defendants argue that judicial immunity bars Moss's state and federal law claims against Judge Perry. Moss responds that Judge Perry is not entitled to judicial immunity because her alleged acts were not judicial in nature and were clearly in excess of her jurisdiction.

"Judges are absolutely immune from damages actions for judicial acts taken within the jurisdiction of their courts." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). Nevada law recognizes an effectively identical form of absolute judicial immunity. *State v. Second Jud. Dist. Ct. ex rel. Cnty. of Washoe*, 55 P.3d 420, 423-24 (Nev. 2002). "Absolute immunity means such officials never have to justify their actions; it all but guarantees swift dismissals under Rule 12(b)(6), thereby sparing its beneficiaries the many different costs (pecuniary and otherwise) that litigation entails." *Brooks v. Clark Cnty.*, 828 F.3d 910, 916 (9th

Cir. 2016). Even "[g]rave procedural errors or acts in excess of judicial authority do not deprive a judge of this immunity." *Schucker*, 846 F.2d at 1204. A judge loses absolute immunity only if the judge (1) "acts in the clear absence of all jurisdiction" or (2) "performs an act that is not judicial in nature." *Id.*

              1.     *Judge Perry's alleged acts were not in clear absence of all jurisdiction.*

Judge Perry argues that the acts cited in Moss's complaint relate to family court matters over which she had jurisdiction. Moss responds that Judge Perry "exceeded her authority by attempting to have counsel draft an order that would have a direct impact on not only a criminal case, but a criminal case in another state, in attempt to protect a pro se litigant." ECF No. 7 at 15. According to Moss, Judge Perry thus "inserted herself into a criminal case outside of the jurisdiction of the state which she was elected in." *Id.* Judge Perry replies that Moss's argument amounts to a disagreement with her rulings in cases before her.

"Jurisdiction is construed broadly where the issue is the immunity of a judge." *Franceschi v. Schwartz*, 57 F.3d 828, 830 (9th Cir. 1995) (quotation omitted). Judges are not deprived of judicial immunity merely for performing acts they lacked jurisdiction to perform as long as those acts were "judge-like functions that were not clearly outside the scope of [their] jurisdiction." *Id.* (simplified). So if the "general act" in question is within the judge's jurisdiction, then she is immune "however erroneous the act may have been, however injurious in its consequences it may have proved to the plaintiff and irrespective of the judge's motivation." *Harvey v. Waldron*, 210 F.3d 1008, 1012 (9th Cir. 2000) (simplified).

Judge Perry states that NRS § 3.223(1)(a) granted her jurisdiction to adjudicate the family court proceedings at issue in Moss's complaint. Moss does not argue or allege that Judge Perry lacked jurisdiction to hear the matters relevant to this dispute. Moss instead contends that Judge

6

Perry "exceeded her authority" by having a lawyer draft an order that would impact a criminal proceeding outside of Nevada. ECF No. 7 at 15. But even if this allegation were contained in the complaint, judges in many jurisdictions routinely request and receive draft proposed orders. *See, e.g.*, Local Rule 7-2(f); Rules of Practice for the Eighth Judicial District Court of the State of Nevada, Rule 5.505 (permitting parties to submit proposed orders to the court and allowing the judge to make "administrative directions relating to proposed orders"). Moss cites no authority showing that Judge Perry lacked jurisdiction to request draft orders. And the fact that Judge Perry's court order would have some collateral impact on another proceeding is irrelevant to whether she was acting within her jurisdiction. Even if Judge Perry clearly lacked jurisdiction to hear the alleged criminal case, Moss does not allege or argue that Judge Perry presided over a criminal case. So Moss has not shown that Judge Perry's acts were in clear absence of her jurisdiction.

> 2. *Judge Perry's alleged acts were judicial in nature.*

Moss argues that Judge Perry's acts were not judicial because the acts she performed were not normal judicial functions. Judge Perry replies that the acts Moss alleges were performed while adjudicating a child custody proceeding and thus were judicial in nature.

Judicial immunity applies to "judicial acts, and not to the administrative, legislative, or executive functions that judges may on occasion be assigned by law to perform." *Lund v. Cowan*, 5 F.4th 964, 971 (9th Cir. 2021) (simplified). To determine whether an act is judicial, I must consider four factors: whether "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity." *Id.* (quotation omitted). In weighing these factors, I am

mindful that judicial immunity gives judges "great latitude to make mistakes—even big ones—and remain free from suit." *Shahrokhi v. Harter*, No. 22-cv-01623-JAD-NJK, 2023 WL 4546566, at *12 (D. Nev. July 14, 2023). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006) (simplified).

     Moss does not dispute that the events he alleges occurred in Judge Perry's courtroom and chambers, centered around a case pending before Judge Perry, and arose directly from a confrontation with Judge Perry while she was acting as a judge. Moss addresses only the first factor, whether Judge Perry's acts were normal judicial functions. Regarding this factor, the complaint alleges that Judge Perry made custody orders, failed to make a "final custody determination," and "cu[t] off all communication with" a certain minor child. ECF No. 1 at 4. These acts were taken "[d]uring the course of" a "State Court Action." *Id.* at 3. These sparse factual allegations do not allege acts or omissions outside of typical judicial functions. The complaint alleges that Judge Perry "[c]onduct[ed] a coverup of misconduct" and violated the Nevada judicial ethics rules. ECF No. 1 at 5. But these allegations are conclusions, not facts, so they do not allege any non-judicial acts. The complaint also raises issues about the timing, manner, and outcome of Judge Perry's rulings on various motions. *Id.* at 4-5. But "[a] ruling on a party's motion is a normal judicial function" to which judicial immunity extends. *See Houghton v. Osborne*, 834 F.2d 745, 750 (9th Cir. 1987).

     In his brief, Moss contends that certain "ex parte communications" involving custodial visits were not normal judicial functions. ECF No. 7 at 14. But "the informal and *ex parte* nature of a proceeding" or communication does not deprive an act of its "judicial character." *See Forrester v. White*, 484 U.S. 219, 227 (1988). Though Moss argues that Judge Perry "practic[ed]

8

law from the bench" by "forcing litigants into deals" and engaged in "bizarre conduct," ECF No. 7 at 14, these vague allegations, which are not contained in the complaint, do not point to any non-judicial act. Even if these alleged acts constituted misconduct, misconduct does not deprive judges of judicial immunity. *See, e.g.*, *Lund*, 5 F.4th at 967, 972 (holding that a judge was entitled to judicial immunity from plaintiff's violation of due process claims under the Americans with Disabilities Act, even though the judge's acts were "troubling" and "inappropriate," where judge rejected settlement agreement after remarking that the plaintiff "on some level" had Down syndrome and then appointed a guardian ad litem over the plaintiff "without holding a hearing"). So Moss has not shown that Judge Perry's acts were non-judicial.

For these reasons, Judge Perry is entitled to judicial immunity against Moss's federal and state law claims for damages against her in her individual capacity. I thus dismiss all claims against Judge Perry in her individual capacity.

### C. *Though Moss's complaint fails to plausibly plead facts to support his claims against Judge Perry in her individual capacity, I grant him leave to file an amended complaint.*

The defendants also move to dismiss Moss's complaint for failure to state a claim. They argue that Moss has not plausibly alleged facts stating claims for violations of due process, equal protection, or conspiracy under federal or state law. Moss responds that he plausibly alleges these claims. I will consider these arguments to determine whether leave to amend is appropriate. Because I already denied Moss leave to amend his claims against the EJDC and Judge Perry in her official capacity, I consider the defendants' motion only as it relates to Moss's claims against Judge Perry in her individual capacity.

Moss's complaint is nearly devoid of factual allegations about Judge Perry. For instance, he alleges that a "subject minor child" was removed "from the Plaintiff," but does not say whose

9

child or under what circumstances the removal occurred. ECF No. 1 at 4. He references a "State Court Action," but does not say which one. *Id.* He alleges that Judge Perry stated that she "'looks out'" for pro se litigants, *see id.*, but fails to provide any factual context about why that statement is significant. Aside from similarly vague allegations, the remainder of the complaint recites legal conclusions that fail to state a claim.

Moss's briefing is similarly difficult to parse. Moss recites many facts in his opposing brief that are absent from his complaint. ECF No. 7 at 2-11. I cannot consider those facts in deciding the defendants' motion to dismiss; but even if I could, Moss does not tie those facts to his response to the defendants' arguments. For instance, he asserts an equal protection claim, but fails to indicate the "protected class" to which he belongs. *See Anthoine v. N. Cent. Cntys. Consortium*, 605 F.3d 740, 753 (9th Cir. 2010). To the extent that Moss asserts his equal protection claim under a "class of one" theory, he does not articulate facts showing that Judge Perry treated him differently from others similarly situated. *Cf. Vill. of Willowbrook v. Olech*, 528 U.S. 562, 565 (2000) (finding complaint adequately alleged federal equal protection claim under a "class of one theory," where complaint alleged that village demanded a 33-foot easement from plaintiff while demanding only a 15-foot easement from others similarly situated); *but see Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005) ("An equal protection claim will not lie by conflating all persons not injured into a preferred class receiving better treatment than the plaintiff.") (simplified). Similarly, Moss argues that Judge Perry engaged in "egregious conduct" in violation of substantive due process. ECF No. 7 at 16. But he does not indicate what acts were egregious or what "fundamental rights" were violated. *See C.R. v. Eugene Sch. Dist. 4J*, 835 F.3d 1142, 1154 (9th Cir. 2016). Though he seems to argue that Judge Perry violated his procedural due process rights, *see* ECF No. 7 at 16, he does not indicate which "constitutionally

protected property or liberty interest" was violated. *See United States v. 101 Houseco, LLC*, 22 F.4th 843, 851 (9th Cir. 2022) (quotation omitted). And in response to the defendants' argument that Moss fails to allege facts supporting his conspiracy claim, he asserts that there are "clear indications" from the facts he cites in his brief that there was a conspiracy, without saying which facts clearly indicate a conspiracy. ECF No. 7 at 17. Nor does he identify the unlawful objective of the conspiracy. *See Guilfoyle v. Olde Monmouth Stock Transfer Co.*, 335 P.3d 190, 198 (Nev. 2014) (en banc) ("Actionable civil conspiracy arises where two or more persons undertake some concerted action with the intent to accomplish an unlawful objective for the purpose of harming another, and damage results." (quotation omitted)).

Despite these pleading inadequacies, I grant Moss leave to file an amended complaint if he can allege true facts showing that both (a) Judge Perry engaged in acts not protected by judicial immunity and (b) those acts give rise to an actionable claim against her. I remind Moss's counsel that the amended complaint—not his briefing—"must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Where multiple claims are alleged, the complaint should identify which factual allegations give rise to each particular claim.

    **D. *Moss must make sufficient service of process on Judge Perry within 21 days of filing any amended complaint.***

The defendants move to dismiss Moss's complaint due to insufficient service of process under Rule 12(b)(5). Moss argues that Judge Perry was properly served and that he could cure any defect in service. Moss also argues that the EJDC was not served at the time of briefing, but

11

that he would be able to timely serve the EJDC because the "120 day time period to serve [had] not elapsed" at the time of briefing on the defendants' motion. ECF No. 7 at 12.

I assume, with great hope, that Moss's counsel can read Federal Rule of Civil Procedure 4 and Nevada Rule of Civil Procedure 4.2(d)(2) to determine how to properly serve Judge Perry. After service is complete, proof of service "must be made to the court," and proof "must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1). "If a defendant is not served within 90 days after the complaint is filed," I must either "dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). I must extend the time for service "for an appropriate period" if "the plaintiff shows good cause for the failure" to make sufficient service of process. *Id.*

Because I dismissed Moss's claims against the EJDC with prejudice, I will consider only the sufficiency of service of process as to Judge Perry. Moss argues that he attempted to serve Judge Perry but that "the server was directed to deliver the papers to staff counsel, which is where they were delivered." ECF No. 7 at 11. Moss does not provide proof that such service occurred. Regardless, Moss does not indicate who directed the process server to "staff counsel," and he does not argue that this staff counsel was Judge Perry's agent for receiving service. So Moss has not established that Judge Perry was properly served.

The 90-day deadline for service of process occurred on April 29, 2025. The docket for this case does not display any proof that Judge Perry was served by that date. Therefore, if Moss chooses to file an amended complaint, he must make proper service of process on Judge Perry within 21 days of filing the amended complaint. He must serve the original complaint, the summons issued by the clerk, and his amended complaint.

**III.    CONCLUSION**

I THEREFORE ORDER that the defendants' motion to dismiss **(ECF No. 5) is GRANTED.** Joseph Moss's complaint **(ECF No. 1) is DISMISSED with prejudice** as to all claims against the Eighth Judicial District Court, County of Clark, and Judge Mary Perry in her official capacity, and **without prejudice** as to all claims against Judge Perry in her individual capacity.

I FURTHER ORDER that Moss may file an amended complaint by October 2, 2025 if he can allege true facts showing that both (a) Judge Perry engaged in acts not protected by judicial immunity and (b) those acts give rise to an actionable claim against her. He must serve Judge Perry in conformity with Federal Rule of Civil Procedure 4 within 21 days of filing any amended complaint.

DATED this 11th day of September, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE